UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTT L. MASSENGILL | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-278-SDJ |
| | § | |
| COMMISSIONER, SSA | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 6, 2022, the Report of the Magistrate Judge was entered, (Dkt. #17), which Report contained proposed findings of fact and a recommendation that the final decision of the Commissioner of the Social Security Administration be affirmed. Plaintiff Scott L. Massengill timely filed an objection to the Report. (Dkt. #18). Having received the Report, reviewed Massengill's objection, and conducted a de novo review, the Court determines that the Magistrate Judge's Report should be adopted.

**I.**

A district court reviews the findings and conclusions of a Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2)–(3). To challenge a Magistrate Judge's report, a party must specifically identify those findings to which it objects. *See id.* "Frivolous, conclusory, or general objections need not be considered by the district judge." *Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled*

1

*on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). "And objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to de novo review." *Thompson v. Pruett*, No. 4:21-CV-371, 2022 WL 989461, at *1 (E.D. Tex. Mar. 31, 2022); *see also Nickelson v. Warden*, No. 1:11-CV-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."); *United States v. Morales-Castro*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, the district court should be spared the chore of traversing ground already plowed by the Magistrate." (quotations omitted)).

## II.

Massengill's sole objection does nothing more than rehash arguments that were rejected by the Magistrate Judge in the Report. The objection's core argument is that, in deciding that Massengill could perform light work, the administrative law judge ("ALJ") impermissibly relied on state agency medical opinions that were delivered before Massengill obtained certain magnetic resonance imaging (MRI) studies. But as the Report explains, the ALJ gave those opinions appropriate consideration under the current rule for evaluating medical opinion evidence in disability cases.

The Social Security Administration issued a new rule for evaluating medical opinion evidence for disability claims filed on or after March 27, 2017. Where the old rule assigned "controlling weight" to a treating physician's opinion (provided that such opinion was adequately supported and not outweighed by substantial evidence), the new rule assigns no specific weight to a treating physician's opinion and instead requires the ALJ to "evaluate the persuasiveness" of all medical opinions and administrative medical findings together using factors that are enumerated in the Social Security regulations. *Compare* 20 C.F.R. § 404.1527(c)(2), *with* 20 C.F.R. § 404.1520c(a). These factors include the relationship with the claimant, the length of the relationship, the frequency of examinations, the purpose of the relationship, the extent of the relationship—and most importantly, the "supportability" and "consistency" of the medical opinion. 20 C.F.R. § 404.1520c.

Even under the old standard for evaluating medical opinion testimony, an ALJ's decision was not required to match the conclusions offered by any particular expert or report. *Dixon v. Comm'r, SSA*, No. 4:18-CV-634, 2019 WL 5875901, at *1 (E.D. Tex. Sept. 27, 2019). Instead, the ALJ serves a role similar to that of a "trial judge" or "jury" in that it should "weigh the competing opinions, take into consideration all of the other evidence of record, and make a finding that may not be exactly the same as the opinion of any one medical source." *D.J.M. v. Berryhill*, No. 18-CV-0193, 2019 WL 1601491, at *4 (W.D. La. 2019).

Here, the ALJ permissibly weighed the competing medical evidence and made a decision that was supported by substantial evidence. *See Webster v. Kijakazi*,

3

19 F.4th 715, 718–19 (5th Cir. 2021) (holding that substantial evidence supported the ALJ's decision to find as unpersuasive the treating physician's opinion, even though the record reflected conflicting medical evidence). As explained in the Magistrate Judge's Report, the ALJ treated as persuasive two medical opinions from state agency medical consultants, Dr. Amita Hedge and Dr. Kim Rowlands, who concluded in February 2019 and June 2019, respectively, that Massengill could perform light work despite his medical impairments. The ALJ's reliance on those reports was proper even though neither had the benefit of Massengill's later-obtained August 2019 MRIs. This is so because the ALJ carefully considered *all* the evidence in the record when finding those reports persuasive, evidence spanning Massengill's claim period of January 1, 2016, through October 6, 2020. For example, the ALJ considered Massengill's December 2016 lumbar spine x-rays, his August 2019 MRIs, and perhaps most critically, his physician-generated medical history beginning July 2016, which history documented that Massengill had "no significant musculoskeletal complaints" in February 2017, had "well controlled [pain management] on the current treatment regimen" in January 2019, and that as of March 2020, Massengill "was stable on current medications," reporting "no significant adverse effects." (Dkt. #11-2 at 19).

The objection does not provide any arguments against the ALJ's decision beyond arguments that were already considered and rejected in the Magistrate Judge's Report. (Dkt. #17 at 6–13). To begin, several of the cases cited in Massengill's objection were decided under the old rule for evaluating medical opinion evidence in Social Security disability cases. *See Webster*, 19 F.4th at 718–19 (evaluating medical

4

opinion testimony under the new rule and explaining the difference between that rule on the old one); *Vasquez v. Comm'r, SSA*, No. 7:21-CV-00028, 2022 WL 2975471, at *4 (N.D. Tex. June 30, 2022) (citing *Webster*, 19 F.4th at 718–19), *adopted by*, 2022 WL 2972240 (N.D. Tex. July 26, 2022). And even where temporally relevant cases were cited, none stand for the core proposition advanced by Massengill, which is that the ALJ abused her discretion in relying on the reports of Dr. Hedge and Dr. Rowlands without first obtaining an additional medical opinion that explicitly considered Massengill's August 2019 MRIs. (Dkt. #18 at 5). Massengill's principal case of *Weddle v. Comm'r, SSA* is inapt, as there, the ALJ noted that "no treating or examining medical source [had] offered an opinion about the claimant's symptoms and their effects on the claimant's abilities to perform work activities," leaving the ALJ to rely "upon her own unsupported opinion in formulating the limitations in [claimant's residual functional capacity] determination." No. 4:21-CV-998-Y, 2022 WL 2719639, at *8–9 (N.D. Tex. June 28, 2022), *adopted by*, 2022 WL 2718613 (N.D. Tex. July 13, 2022). *Weddle* is a far cry from what obtains here, where the record before the ALJ contained ample medical opinions concerning Massengill's physical capabilities from which the ALJ was able to make her ultimate conclusions. For all the reasons described above, the ALJ was well within her discretion to credit the reports of Dr. Hedge and Dr. Rowlands in evaluating Massengill's claim.

The Court, reviewing de novo, concludes that the Magistrate Judge's Report is correct and that Massengill's objection is without merit.

## III.

For these reasons, Massengill's objection, (Dkt. #18), is **OVERRULED** and the Report and Recommendation of the United States Magistrate Judge, (Dkt. #17), is **ADOPTED** as the opinion of the Court.

It is therefore **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**So ORDERED and SIGNED this 3rd day of March, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE